13-3062
*SEC v. Gupta*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
                *Circuit Judges*,
           WILLIAM K. SESSIONS, III,
                *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
              *Plaintiff-Appellee*,

   v.              13-3062

RAJAT K. GUPTA,
              *Defendant-Appellant*,

---

[*] The Honorable William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

RAJ RAJARATNAM,
      *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | SETH P. WAXMAN (Paul R.Q. Wolfson, Megan Barbero, Daniel J. Aguilar, Peter G. Neiman, and Alan E. Schoenfeld, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., *and* Gary P. Naftalis, David S. Frankel, Alan R. Friedman, Robin M. Wilcox, Kramer Levin Naftalis & Frankel LLP, New York, New York, *on the brief*. |
| FOR PLAINTIFF-APPELLEE: | DAVID LISITZA, Senior Litigation Counsel (Michael A. Conley, Deputy General Counsel; Jacob H. Stillman, Solicitor; Randall W. Quinn, Assistant General Counsel, *on the brief*), Securities and Exchange Commission, Washington, D.C. |

  Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

  Defendant-appellant Rajat Gupta appeals from the amended judgment of the district court entered July 25, 2013, granting summary judgment to plaintiff-appellee United States Securities and Exchange Commission (the "SEC") and imposing injunctive relief and a civil penalty. This matter arises from violations of securities law committed by Gupta -- specifically, the disclosure of material nonpublic information Gupta had

- 2 -

obtained as a director of an investment bank.  We assume the parties' familiarity with the facts, procedural history, and issues for review, which we summarize briefly below.

On October 25, 2011, Gupta was indicted on several counts of securities fraud.  The indictment alleged that, *inter alia*, Gupta provided defendant Raj Rajaratnam with inside information that Gupta had obtained as a member of the Board of Directors of the Goldman Sachs Group, Inc. ("Goldman").

On June 15, 2012, a jury convicted Gupta of conspiracy and three counts of securities fraud.  On October 24, 2012, the district court (Rakoff, *J.*) sentenced Gupta principally to a 24-month term of imprisonment and a fine of $5 million.  On February 25, 2013, the court ordered Gupta to pay Goldman restitution of approximately $6.2 million.  Gupta appealed his conviction, and this Court affirmed.  *United States v. Gupta*, 747 F.3d 111 (2d Cir. 2014).  Gupta's appeal of the restitution order and amended judgment in the criminal case remains pending.

On October 26, 2011 -- the day after Gupta was indicted -- the SEC filed a civil complaint against Gupta and Rajaratnam, based on the same insider trading scheme described in the indictment.  Following Gupta's conviction, the parties "stipulated that Gupta's criminal conviction . . . collaterally estops Gupta from contesting his liability for the essentially identical conduct and charges alleged in the [SEC] complaint," and the district court awarded summary judgment to the SEC.  *SEC v. Gupta*, No. 11-cv-7566(JSR), 2013 WL 3784138, at *1 (S.D.N.Y. July 17, 2013).  The district

court imposed a permanent injunction prohibiting Gupta from (1) serving as an officer or director of a public company, (2) associating with brokers, dealers, or investment advisors, and (3) further violating securities law.  The district court also ordered Gupta to pay a civil penalty of $13,924,665 -- the statutory maximum -- equal to three times the profits gained and losses avoided by Rajaratnam.

On appeal, Gupta challenges the imposition of injunctive relief and the treble civil penalty.  First, Gupta argues that the district court lacked any justification for imposing the injunction and contradicted statements that it made during Gupta's sentencing hearing that "[a]s to specific deterrence, it seems obvious that . . . Gupta is unlikely to repeat his transgressions." *United States v. Gupta*, 904 F. Supp. 2d 349, 355 (S.D.N.Y. 2012), *aff'd*, 747 F.3d 111 (2d Cir. 2014).  Second, Gupta argues that the district court erred by trebling the civil penalty -- resulting in the maximum amount allowed by statute -- without considering "the deterrent effect of the [criminal] penalties it had imposed."  Appellant's Br. at 22.  Both arguments fail.

We review the imposition of injunctive relief and civil penalties for abuse of discretion.  *See SEC v. Pentagon Capital Mgmt. PLC*, 725 F.3d 279, 287 (2d Cir. 2013); *SEC v. Bankosky*, 716 F.3d 45, 47 (2d Cir. 2013).  "[T]he burden of showing that the court abused [its] discretion . . . necessarily is a heavy one." *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972).  "Under this standard, we will reverse only if we have a definite and firm conviction that the court below committed a clear error of judgment

in the conclusion that it reached upon a weighing of the relevant factors." *Bankosky*, 716 F.3d at 47 (internal quotation marks omitted).

We find no abuse of discretion in the district court's imposition of permanent injunctive relief. The district court considered the relevant factors, *see SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998), and reasonably concluded that "Gupta remains well-placed to repeat his misconduct in the future." *Gupta*, 2013 WL 3784138, at *3.

The district court's statements at sentencing concerning the improbability of future transgressions "must be read in the context of a criminal sentencing proceeding in which the court was considering possible grounds for leniency in sentencing, not the need to impose a civil injunction." *SEC v. Contorinis*, 743 F.3d 296, 308 n.7 (2d Cir. 2014) (rejecting argument that injunction imposed at civil trial was abuse of discretion, where district court previously stated at sentencing that it did not "think there is any chance that [the defendant is] going to commit crimes in the future"). Just as the *Contorinis* Court found no abuse of discretion in the imposition of injunctive relief, we find no abuse of discretion here.

Nor do we find any abuse of discretion in the district court's imposition of a treble civil penalty. Precedent in this Circuit is clear that a tippee's gains and losses avoided are "attributable to the tipper, regardless whether benefit accrues to the tipper." *SEC v. Warde*, 151 F.3d 42, 49 (2d Cir. 1998). Furthermore, the Securities Exchange Act

- 5 -

unambiguously authorizes federal courts to impose civil penalties for insider trading in amounts "determined by the court in light of the facts and circumstances [not to] exceed three times the profit gained or loss avoided." 15 U.S.C. § 78u-1(a)(2). Here, the district court considered but rejected Gupta's argument that "a treble penalty is inappropriate in light of the criminal penalties already imposed." *Gupta*, 2013 WL 3784138, at *2. The district court considered the relevant factors, including the egregiousness of Gupta's conduct, *see SEC v. Haligiannis*, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007), and reasonably concluded that imposition of "the maximum allowable civil penalty" was appropriate. *Gupta*, 2013 WL 3784138, at *2.

Accordingly, we find no abuse of discretion in the imposition of injunctive relief and civil penalties on Gupta by the district court.

\* \* \*

We have considered Gupta's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

